**HASKINS v. ROSEBERRY et al.**
No. H–188.

District Court, D. Nevada.

Oct. 2, 1939.

Thomas F. Ryan, of Reno, Nev., and C. B. Tapscott, of Elko, Nev., for plaintiff.

Thatcher & Woodburn, of Reno, Nev., for defendant.

NORCROSS, District Judge.

Complainant, on May 17, 1937, filed his Bill of Complaint in this Court to quiet title to certain property including patented mining claims in the County of Elko in this State and District. Paragraph I of the Bill of Complaint reads:

"That the plaintiff in this cause is a resident of the State of New York and is the duly appointed, qualified and acting receiver of the Tuscarora-Nevada Mines Company, a corporation organized, authorized and doing business under and by virtue of the laws of the State of Maine; that this complainant was appointed as such receiver by order of the United States District Court for the Southern District of New York on, to-wit, the 14th day of April, 1913, and has continued as such receiver since the said date. Your petitioner further says that he is the duly appointed, qualified and acting ancillary receiver for the above named corporation, having been appointed to such office by order of this Honorable Court on or about August, 1913, and, as hereinafter more particularly set forth, reinstated in such office by order of this court on or about December 21, 1936."

The answer of defendants, among other matters, sets up title to and right of possession of the property in question by virtue of a tax deed thereto issued by the duly authorized officers of the County of Elko to their predecessors in interest on July 9, 1923, since which time they and their predecessors in interest have been in continuous exclusive possession thereof under claim of ownership and have paid all taxes assessed thereon.

Complainant's claimed right of possession to the property in question is based upon his alleged rights as receiver of the property of the Tuscarora-Nevada Mines Company under appointment by the United States District Court for the Southern District of New York in Equity case No. 10—174, on April 14, 1913, and as ancillary re-

ceiver under appointment by this Court August 19, 1913.

A certified copy of the records in the New York case disclose that of date January 28, 1927, a formal order of dismissal of said Equity case No. 10—174 was entered in the Permanent Equity Journal of that Court reading:

"This case having been dropped from the Trial Calendar pursuant to the provisions of Rule 57 in Equity, for more than one year and no application having been made, it is

"Ordered that this case be and the same hereby is dismissed without prejudice to a new suit."

A new suit does not appear to have ever been filed in the New York Court.

On March 6, 1928, an affidavit of the receiver was filed in the New York Court praying that he be relieved from any further duties as receiver and "that this affidavit be considered a final accounting of the receiver. * * * that he be relieved of all further accountability or liability on the aforementioned bond." Upon said affidavit, an order was entered that the bond of the receiver "be and the same hereby is cancelled" and the surety "discharged from any and all liability on the said bond."

On February 18, 1929, an order was made by this Court accepting the resignation of said receiver as such and releasing him and his surety from further liability.

It is deemed unnecessary to consider the numerous questions of law considered in the nearly three hundred pages of briefs filed by respective counsel in this case. Irrespective of the question of the legality of the tax deed by reason of the receivership at the time of its issuance, it was, at least, color of title in the parties who entered into possession of the property thereunder. Black on Tax Titles, 375. Their right of possession was never questioned until the institution of the present suit. From the time of the acceptance of the resignation of the ancillary receiver by this Court until the institution of this suit, a period of more than eight years elapsed and from the time of the dismissal of the suit by the New York District Court the time was in excess of ten years.

By section 6449 Nevada Compiled Laws 1929, three years is fixed as the limitation of an action for the recovery of lands sold for taxes. By section 8508, two years is the limitation for the recovery of mining claims. By section 8513, five years is fixed as the general rule of limitation where the entry of possession was made "under claim of title, * * * , founding such claim upon a written instrument, as being a conveyance of the premises in question, * * ."

While we are of opinion that the dismissal of the case made by the District Court for the Southern District of New York terminated the case including all ancillary proceedings and the powers of a receiver appointed therein, nevertheless, the occupation of the premises and property involved by defendants and their predecessors in interest during the time when there was no acting receiver, is sufficient to establish a right to the property in defendants, irrespective of any rights which they may have by virtue of the tax deed.

The prayer of defendant's answer should be granted.

It is so ordered.